IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| ALICE I. CADOGAN-ALLUM, | ) | |
| | ) | |
| Plaintiff, | ) | No.  C05-151 EJM |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's Application for Judicial Review of a final decision of the Commissioner of Social Security.  Briefing concluded on February 22, 2006.  Reversed and remanded for payment of benefits.

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for supplemental security income and social security disability benefits. The court has jurisdiction pursuant to 42 USC §405(g).

Claiming an onset date of March 15, 2002, plaintiff alleges disability due to fibromyalgia, presbyopia, depression, degenerative disc disease and chronic pulmonary disease.  She contends that the Administrative Law Judge (ALJ) erred in evaluating plaintiff's earnings after her alleged onset of disability, erred in rejecting the opinions of Dr. Brooks and Dr. Perri regarding plaintiff's inability to sustain work, erred in evaluating the views of plaintiff's therapist, and failed to properly consider the opinions of non-

examining consultants. Accordingly, she urges that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

Upon review of the record in this matter, it is the court's view that the Commissioner did not afford adequate weight to the view of treating physician Perri, T. 194-198, which is not inconsistent with the view of treating rheumatologist Dr. Brooks. T.177. Accordingly, the court finds that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

When the views of the treating physicians are given the weight to which they are entitled, it is the court's view that the record establishes that plaintiff is unable to engage in substantial gainful activity, day in and day out, in the "sometimes competitive and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F2d 1138, 1147 (8th Cir. 1982) (en banc). Due to the court's disposition of this matter, plaintiff's remaining contentions need not be addressed.

It is therefore

ORDERED

Reversed and remanded for payment of benefits.

April 13, 2006.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT